**EXHIBIT A**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 15TLV01001 C

*Kevin Grant* ......................, Plaintiff(s)

v.

*Target Corporation* ......................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon *Frank Cinkler of Cinkler Law LLC* plaintiff's attorney, whose address is *Suite 2, 84 West Broadway, Derry, N.H. 03038*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at *43 Appleton Way, Lawrence, MA 01840* either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, ~~BARBARA J. ROUSE~~ *Judith Fabricant*, Esquire, at Salem, the
day of                  , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

  I hereby certify and return that on _____, 20 ____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated:       , 20   .      _____

N.B. TO PROCESS SERVER:-
    PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
    THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

               ┌─────────────────────────────┐
               │          , 20   . │
               └─────────────────────────────┘

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)

v.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **ESSEX, SS.** | **SUPERIOR COURT**<br>**C.A. NO.** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**Kevin Grant,**
    **Plaintiff**

**v.**

**Target Corporation,**
    **Defendant**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Kevin Grant, is an individual residing in Derry, County of Rockingham, State of New Hampshire.

2. Defendant, Target Corporation (hereinafter "Target"), is a duly formed Minnesota corporation with a principal place of business at 1000 Nicolette Mall, Minneapolis, Minnesota. At all relevant times Target operated a store at 35 Computer Drive, in Haverhill, Massachusetts.

3. Mary    is an individual whose place of residence is presently unknown, and who at all relevant times was employed by Target as a logistics manager at the Target store in Haverhill, Massachusetts.

### ALLEGATIONS OF FACT

4. On or about April 18, 2015, Plaintiff Kevin Grant was employed by Target as a temporary store team leader, assigned to its Haverhill store.

5. Grant had recently been hired by Target pursuant to a written Offer, which Grant accepted by signing, and returning to Target's authorized representative. Grant relied upon the representations made in said Offer in accepting employment with Target.

6. On the evening of Saturday, April 18, Grant, who was not scheduled to work, and his wife, were in downtown Manchester, New Hampshire, with friends from their church.

7. Over the course of the night, Grant consumed one "hard cider" and one alcoholic drink, and also consumed a meal. He was not impaired.

8. When Plaintiff returned to his vehicle prior to 2:50 a.m., he noticed a missed text message from Jonathan Kingsley, Target's asset protection business partner for the district in which the Haverhill store is located.

9. The text indicated that a "cooler alarm" had been triggered at the Haverhill store, and, further, that none of the executive team leaders for the store where picking up their phones.

10. Grant responded to Kingsley and indicated that he would attempt to contact the aforementioned individuals. Grant subsequently attempted to contact said team leaders, without success.

11. Grant again texted Kingsley and stated that he had been out with his wife, but would respond to the problem if necessary. Kingsley asked whether a response could wait until the responsible team leader arrived at the store at 7 am.

12. Grant also called the Target Alarm Company, and was advised that he should report to the Haverhill store as soon as possible. Grant again texted Kingsley indicating that he and his wife, who was with him, would be at the store in approximately one hour.

13. Grant again contacted the Target Alarm Company and requested that an alarm technician meet him at the store, but was advised that a tech would not be requested until Grant arrived at the store.

14. Grant telephoned Target Store Team Leader Trainer Patrick Chaffee at approximately 3:15 to confirm that he was following protocol for the alarm, as this was his first alarm call with Target. Chaffee did not answer his telephone.

15. Upon arrival at the Haverhill Store, Grant again called Target Alarm, and stated that he would wait in the parking lot until a technician arrived. A Target Alarm representative advised Grant that the parking lot was unsafe, and instructed him to enter the store. Prior to doing so, Grant again texted Jonathan Kingsley to advise him of the same.

16. Grant and his wife entered the store using Grant's keys, and waited until Katherine Finneran, one of the team leaders, and the alarm technician, arrived at the store.

17. Grant and his wife left the store once Grant was confident that Ms. Finneran was capable of handling the matter going forward. Prior to leaving, Grant assisted the technician onto the roof while Ms. Finneran disarmed the alarm. Grant left the store at approximately 5:30 am.

18. On Monday, April 20th, Grant spoke to each of his store executives who carried keys, advising them that they should be available by telephone so as not to miss any future alarm calls. He also stated that he had been out with his wife celebrating on the night of April 18th, and indicated that he had been one hour away from the store at the time he was notified about the alarm. Grant remained employed by Target during a Territory Visit on April 27, 2015, which had been scheduled with Target's Territory Regional Manager. Grant's store had been hand picked for the visit in light of its high level of performance. Several days later, Grant met with Target's regional manager, which had been pre-arranged. There was no discussion of the April 20th alarm call, and the visit was a success.

19. On Tuesday, April 28th, Grant arrived at the store at approximately 12:45 pm. Shortly thereafter, district manager Andrew Chiarelli arrived at the store. Chiarelli stated that he had been advised that Grant "was drinking and took an alarm call", and asked Grant if that was true.

20. Grant explained that he had been out with friends from church and had two drinks, and began to explain further, when Chiarelli put up his hand and stated that he did not wish to hear any details.

21. Chiarelli subsequently appeared to listen to Grant's explanation and read the text messages from Kingsley, but nevertheless, Grant was terminated, allegedly for "gross misconduct".

22. Upon commencement of his employment, Grant was familiarized with Target's employee handbook as well as its policies and procedures relative to terminating employees and relied upon the same in connection with his own conduct. Said policies and procedures were not followed in connection with his termination.

## COUNT I – BREACH OF CONTRACT—TARGET

23. Plaintiff realleges the allegations set out in paragraph 1 through 22 and restates same as if fully set out herein.

24. Defendant's actions in terminating Grant were in violation of its own policies and procedures as more fully set out in the employee handbook and elsewhere, and constitute a breach of the implied contract between Grant and Target.

25. Upon information and belief, Defendant's termination of Grant in violation of the terms and conditions of his offer of employment constitutes a separate and independent breach of the express contract set forth therein.

26. As a direct and proximate result of Defendant's breach, Grant has been damaged, and has lost significant income and sustained severe emotional distress.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that is fair and reasonable for the loss sustained, along with costs, interests and such other and such other relief as this court deems appropriate.

### COUNT II – VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING—TARGET

27. Plaintiff realleges the allegations set out in paragraphs 1 through 26 and restates same as if fully set out herein.

28. Target's termination of Grant without cause and in violation of its own policies and procedures constitutes a breach of the covenant of good faith and fair dealing implicit in every contract.

29. As a direct and proximate result of Defendant's breach, Grant has been damaged, and has lost significant income and sustained severe emotional distress.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that is fair and reasonable for the loss sustained, along with costs, interests and such other and such other relief as this court deems appropriate.

### COUNT III – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY—TARGET

30. Plaintiff realleges the allegations set out in paragraphs 1 through 29 and restates same as if fully set out herein.

31. Defendant's termination of Grant without cause and in violation of its own policies and procedures constitutes wrongful termination and was against public policy.

32. As a direct and proximate result of Defendant's conduct, Grant has been damaged, and has lost significant income and sustained severe emotional distress.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that is fair and reasonable for the loss sustained, along with costs, interests and such other and such other relief as this court deems appropriate.

### COUNT IV – MISREPRESENTATION—TARGET

33. Plaintiff realleges the allegations set out in paragraphs 1 through 32 and restates same as if fully set out herein.

34. Target's policies and procedures and its employee handbook, set out the terms and conditions in which an employee would be terminated.

35. Grant relied to his detriment upon said policies and procedures, as well as the employee handbook in connection with his conduct as a Target employee.

36. As a direct and proximate result of Defendant's misrepresentations as to the terms and conditions pursuant to which a Target employee would be terminated and Grant's reliance upon the same, Grant has been damaged, has lost significant income and has sustained severe emotional distress.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that is fair and reasonable for the loss sustained, along with costs, interests and such other and such other relief as this court deems appropriate.

## COUNT IV –DEFAMATION—TARGET

37. Plaintiff realleges the allegations set out in paragraphs 1 through 36 and restates same as if fully set out herein.

38. Upon information and belief, Target's agents and employees made false statements regarding Plaintiff's integrity and the propriety of his conduct.

39. As a direct and proximate result of Defendant's conduct, Grant's reputation has been damaged, and he has lost significant income and sustained severe emotional distress.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that is fair and reasonable for the loss sustained, along with costs, interests and such other and such other relief as this court deems appropriate.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,
Plaintiff,
Kevin Grant,
By his attorneys,

FRANK J. CIMLER, JR., ESQ.
BBO#: 545329
84 WEST BROADWAY
SUITE 2
DERRY, NH 03038

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1577CV01001 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Kevin Grant vs. Target Corporation | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Frank John Cimler, Jr., Esq. Cimler Law PLLC 84 West Broadway Derry, NH 03038 | | COURT NAME & ADDRESS Essex County Superior Court - Lawrence 43 Appleton Way Lawrence, MA 01841 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                              DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/14/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 10/14/2015 | |
| All motions under MRCP 12, 19, and 20 | 10/14/2015 | 11/13/2015 | 12/14/2015 |
| All motions under MRCP 15 | 10/14/2015 | 11/13/2015 | 12/14/2015 |
| All discovery requests **and depositions** served and non-expert despositions completed | 04/11/2016 | | |
| All motions under MRCP 56 | 05/11/2016 | 06/10/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/11/2016 |
| Case shall be resolved and judgment shall issue by | | | 06/15/2017 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to     C SESSION IN LAWRENCE

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 06/16/2015 | Sheila Gaudette | (978)242-1900 |